**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kyle Adam Haney, | No. CV-24-00426-TUC-JCH |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

Before the Court is Petitioner Kyle Adam Haney's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition") (Doc. 1).[1] Petitioner argues he received ineffective assistance of counsel at sentencing because his attorney failed to present mitigating evidence related to his mental health. *See* Doc. 1 at 4, 5. For the following reasons, the Court will dismiss the Petition.

**I.   Background**

Petitioner is serving a 120-month sentence for possession of child pornography. *See* CR Doc. 56.[2] Petitioner accepted a plea agreement with a sentencing range of 60 to 200 months, CR Doc. 30 ¶ 8, and waived his right to appeal his conviction and sentence if imposed consistent with the terms of the plea agreement, *id.* ¶ 18.

---

[1] Petitioner also filed a "Reply to Failure to Respond and/or Motion for Summary Vacatur" (Doc. 7). Petitioner filed this motion after the Government filed, and the Court had already granted, a Motion for Extension of Time to File Answer. *See* Docs. 5, 6. The Government filed its Response before the updated deadline set in the Court's extension Order. Accordingly, Petitioner's motion (Doc. 7) will be denied.

[2] This Order refers to documents filed in the above-titled action, 4:24-CV-00246, and the underlying criminal case, 4:21-CR-02970. Documents in this case are labeled with "CV." Documents in the related criminal case are labeled with "CR."

The Presentence Investigative Report ("PSR") computed Petitioner's offense level at 30 and his criminal history category as V. CR Doc. 46 at 6–12. The PSR also covered Petitioner's offender characteristics, including his physical condition, substance abuse history, mental and emotional health, and employment record, among others. *See id.* at 15–21. In the mental and emotional health section, the PSR discussed Petitioner's major depressive disorder, anxiety disorder, bipolar disorder, insomnia, restless leg syndrome, and adjustment disorder diagnoses before his arrest. *Id.* at 17. It also summarized Petitioner's 2022 Psychosexual Evaluation and the resulting provisional diagnoses. *Id.* The PSR's employment record section stated that "[f]rom 2005 to his arrest in 2021, [Petitioner] was unemployed and received $1,460 a month in Social Security Disability income due to his bipolar diagnosis and chronic back pain." *Id.* at 19.

Petitioner's Psychosexual Evaluation ("PPE") was attached to the original PSR. *See* CR Doc. 40-1. The PPE summarized Petitioner's social history, including his employment history, and noted that "[Petitioner] went on disability in 2005 because of being diagnosed with bipolar disorder, and because of chronic back pain from a traffic accident, and from heavy lifting working at the steel fabricating company. He decided to go back to work and was working for a temporary agency in Tucson, AZ when he was arrested in the index offense." *Id.* at 3. Like the PSR, the PPE discussed Petitioner's prior medical diagnoses and history of alcohol and drug use. *Id.* at 3–4, 6. The PPE summarized the test results related to Petitioner's mental health and self-reported psychological symptoms, and found the following provisional diagnoses: stimulant use disorder (amphetamine-type substance and cocaine), alcohol use disorder, major depression, generalized anxiety disorder, adjustment disorder with anxiety, restless leg syndrome, unspecified insomnia disorder, and bipolar I disorder. *Id.* at 15–16.

Petitioner's counsel submitted a Sentencing Memorandum that discussed the 18 U.S.C. § 3553(a) sentencing factors. CR Doc. 45 at 9–15. Relevant here, the Memorandum stated that Petitioner was high on methamphetamine when he committed the offense and argued he would not have committed the offense while sober. *Id.* at 7. It also

listed his "debilitating health conditions," including his mental health conditions, and stated, "it is crystal clear that Mr. Haney struggles with a litany of physical, mental, and emotional ailments that rendered him vulnerable to addiction, which begat his involvement in the criminal activity here." *Id.* at 8.

At sentencing, Petitioner raised the issue of wanting a physical copy of the PSR. *See* CR Sentencing TR at 5:2–6:13. When questioned by the Court, Petitioner agreed that he had reviewed the PSR with his attorney for an hour and was satisfied that he understood its contents. *Id.* at 5:17–6:13. Before sentencing, the Court reviewed and considered the PSR and Petitioner's Sentencing Memorandum. *See Id.* at 7:19–8:6. The Court concluded Petitioner's physical and mental health issues were "mitigating factors that warrant a downward variance." *Id.* at 29:24–30:4.[3] Ultimately, the Court granted a downward variance from the 151-to-188-month advisory guideline range and imposed a 120-month sentence. *See id.* at 30:5–13.

## II. Legal Standard

Under 28 U.S.C. § 2255(a), a prisoner in federal custody may challenge his conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."[4] To bring a § 2255 claim for ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, a petitioner must show "that counsel made errors so serious that counsel was not functioning

---

[3] The Court's Statement of Reasons (Doc. 53) lists Petitioner's age, physical condition, and remorse as the characteristics that led the Court to grant a downward variance. *See* Doc. 53 at 3. The record shows the Court also considered Plaintiff's mental health as a mitigating factor. *See* CR Sentencing TR at 29:24–30:4. Accordingly, the Statement of Reasons should also have listed Petitioner's mental and emotional condition as a reason for variance.

[4] Section 2255(b) provides that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, a petitioner is entitled to an evidentiary hearing." An evidentiary hearing is not required if the allegations are "palpably incredible" or "patently frivolous" or if the issues can be conclusively decided based on the evidence in the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal quotation omitted); *United States v. Mejia–Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief").

as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The inquiry is whether counsel's assistance was "reasonable considering all the circumstances," and there is "a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688–89. To affirmatively prove prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## III.    Analysis

Petitioner argues his sentence should be vacated on two grounds. First, Petitioner argues his counsel acted unreasonably "by failing to acquire the records of movant's psychological diagnosis/illness that has been accepted/certified by the Social Security Administration (SSA) and by failing to present those records/mitigating evidence to the Court at sentencing." Doc. 1 at 4. Petitioner alleges that although he asked for a copy of the PSR, he did not receive one, and his counsel "sped read him the [PSR] off a tablet at the detention center." *Id.* Petitioner infers this was because his counsel "did not want movant to discover that his SSA records/psychological diagnosis were not contained in the PSR." *Id.* Second, Petitioner argues he was prejudiced because "counsel's deficient performance deprived the Court of the information and opportunity to account for, and impose, a sentence reflecting consideration of movant's psychological issues." *Id.* at 5. Petitioner contends information related to his Social Security Disability claim "should have been presented and should have served as the basis for a downward variance for diminished capacity and/or under the 'history and characteristics of the defendant' prong of Section 3553(a)." *Id.*

Petitioner's arguments are unfounded and factually incorrect.[5] The PSR discussed

---

[5] Though not relevant to whether counsel adequately informed the Court of Petitioner's mental health issues at sentencing, Petitioner's concerns related to not receiving a copy of the PSR have already been addressed. Petitioner raised this issue at sentencing, but when questioned by the Court, he agreed he had gone over the PSR with his attorney for over an hour. CR Doc. 65 at 4:22–6:13. Petitioner stated he was satisfied that he understood the PSR's contents and sentencing recommendations, and his attorney answered his questions related to the PSR. *Id.* at 5:23–6:13. As explained below, the omissions Petitioner allege do not exist, and it was not objectively unreasonable for counsel to deny Petitioner a

- 4 -

Petitioner's mental health in depth and detailed his prior diagnoses and the provisional diagnoses contained the PPE. *See* Doc. 46 at 17. It stated that "[f]rom 2005 to his arrest in 2021, [Petitioner] was unemployed and received $1,460 a month in Social Security Disability income due to his bipolar diagnosis and chronic back pain." *Id.* at 19. In total, the PSR mentioned Petitioner's bipolar diagnosis—the only mental health diagnosis listed as the reason for his supplemental Social Security Disability income—three times. *See id.* at 17, 19. Petitioner's PPE, which was filed with the PSR, also discussed his diagnoses and Social Security Disability. *See* CR Doc. 40-1 at 3 ("[Petitioner] went on disability in 2005 because of being diagnosed with bipolar disorder, and because of chronic back pain from a traffic accident, and from heavy lifting working at the steel fabricating company."); *id.* at 4 (discussing diagnoses); *id.* at 16 (listing provisional diagnoses). The evaluation summary discussed the ways in which Petitioner's mental health may contribute to his risk to reoffend, and the examiner recommended Petitioner continue to seek mental health treatment. *Id.* at 16–20. Petitioner's Sentencing Memorandum discussed the § 3553(a) factors, listing his mental health diagnoses and describing them as "debilitating health conditions." Doc. 45 at 8. Petitioner's counsel explicitly argued Petitioner "struggles with a litany of physical, mental, and emotional ailments that rendered him vulnerable to addiction, which begat his involvement in the criminal activity here." *Id.*

In short, the Court was aware of and considered Petitioner's mental health history at sentencing. *See* CR Sentencing TR at 29:24–30:4 ("You have a long list of health conditions that make your time [in] incarceration more difficult . . . . And I think . . . your health issues, your mental health issues, those are mitigating factors that warrant a downward variance."). The materials the Court considered in preparation for sentencing made Petitioner's mental health struggles clear, and Petitioner's counsel argued Petitioner's mental health was directly related to his addiction, which caused Petitioner to engage in the offense. The sentencing information included Petitioner's history of

---

physical copy of the PSR. *See* CR Doc. 59 (denying post-sentencing "Motion for Copy of PSI [sic] Report" and directing Probation to direct Petitioner on how to proceed with the process to review the PSR).

receiving disability payments due in part to his bipolar disorder. The actual Social Security records were not necessary for the Court to consider this undisputed fact.

Even assuming counsel's representation was deficient, Petitioner has not shown prejudice. The Court explicitly considered Petitioner's mental health history as a mitigating factor and granted a downward variance. There is not a reasonable probability that, had the Court examined the actual Social Security Disability records discussing Petitioner's bipolar diagnosis and back pain, it would have imposed a shorter sentence.

**IV.    Order**

Accordingly,

**IT IS ORDERED denying** and **dismissing with prejudice** the Petition (Doc. 1). The Clerk of Court shall issue judgment accordingly and close this case. The Clerk of Court is further directed to file this Order in the underlying related criminal action, Case No. 4:21-CR-02970 (addressing Doc. 60).

**IT IS FURTHER ORDERED denying** Petitioner's Reply to Failure to Respond and/or Motion for Summary Vacatur (Doc. 7).

Dated this 27th day of October, 2025.

_____
John C. Hinderaker
United States District Judge